Zhang v. Whitaker

BIA
Gordon-Uruakpa, IJ
A087 986 601

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> BARRINGTON D. PARKER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

JIANZHI ZHANG,
> *Petitioner,*

v.                                                          17-1490
                                                            NAC
MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Jianzhi Zhang, pro se, Far
                             Rockaway, NY.

FOR RESPONDENT:              Chad A. Readler, Acting Assistant
                             Attorney General; Paul Fiorino,
                             Senior Litigation Counsel; John M.
                             McAdams, Jr., Attorney, Office of
                             Immigration Litigation, United
                             States Department of Justice,
                             Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jianzhi Zhang, a native and citizen of the People's Republic of China, seeks review of an April 12, 2017, decision of the BIA affirming an August 4, 2016, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jianzhi Zhang,* No. A 087 986 601 (B.I.A. Apr. 12, 2017), *aff'g* No. A 087 986 601 (Immig. Ct. N.Y. City Aug. 4, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). We review adverse credibility determinations under a substantial evidence standard. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering the totality of the circumstances, . . . a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . . the internal consistency of each such statement, the

2

consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, substantial evidence supports the agency's determination that Zhang was not credible.

The agency reasonably relied on multiple inconsistencies between Zhang's testimony and application regarding the events in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. His statements were inconsistent as to the length of his interrogation during the initial arrest, the period of time that passed between his first and second arrests, and whether he and his wife began their bible study group before or after the university officials warned them not to proselytize on campus.[1] The IJ was not compelled to accept Zhang's explanation that the passage of time affected his memory of the events given the level of detail

---

[1] Although we agree with Zhang that the IJ erred in finding an inconsistency between Zhang's testimony and application regarding the government-sanctioned church he attended in China, the error does not require remand given the other inconsistencies. *See Lianping Li v. Lynch*, 839 F.3d 144, 149-50 (2d Cir. 2016).

and specific dates he included in his application. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The inconsistencies between Zhang's and his wife's testimony regarding whether he was arrested in China and whether he attended church in the United States further support the agency's determination that Zhang was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Zhang's wife's testimony that Zhang was never arrested in China directly contradicts the main basis of Zhang's claim of past persecution. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (even one material inconsistency may provide substantial evidence for adverse credibility determination). The agency was not compelled to accept Zhang's explanation that his wife meant only that he was never arrested for criminal activity because Zhang's wife specifically denied that Zhang was ever arrested while teaching on campus or for hosting the bible study sessions, *see Majidi*, 430 F.3d at 80-81. Zhang has provided no support for his allegation that his wife's testimony was

4

misinterpreted, in that he has not identified any errors and his wife stated that she understood the interpreter.

The agency also reasonably relied on discrepancies regarding Zhang's New York church attendance. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Zhang's failure to attend church in the United States called into question whether he was a practicing Christian and undermined his allegations that he risked arrest to practice Christianity in China. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) ("It is well settled that, in assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible."); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

We have considered Zhang's remaining arguments and determine that they lack merit. Given the inconsistencies among Zhang's application, his testimony, and his wife's testimony regarding both events in china and his practice of Christianity in the United States, the totality of the circumstances supports the adverse credibility ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167;

5

*Xian Tuan Ye*, 446 F.3d at 295.  Because all of Zhang's claims were based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Zhang's motion to expedite ruling on the petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court